1  MARTIN D. SINGER (BAR NO. 78166)
   EVAN N. SPIEGEL (BAR NO. 198071)
2  ANDREW B. BRETTLER (BAR NO. 262928)
   LAVELY & SINGER
3  PROFESSIONAL CORPORATION
   2049 Century Park East, Suite 2400
4  Los Angeles, California 90067-2906
   Telephone: (310) 556-3501
5  Facsimile: (310) 556-3615
   E-mail:    mdsinger@lavelysinger.com
6  E-mail:    espiegel@lavelysinger.com
   E-mail:    abrettler@lavelysinger.com
7
   Attorneys for Plaintiffs
8  THREE-SEVEN ENTERTAINMENT, INC., and
   ADRIEN BRODY
9

FILED
2010 OCT 14  PM 3:23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12
13  THREE-SEVEN                ) CASE NO.
    ENTERTAINMENT, INC., a     ) Hon.
    Nevada corporation; and ADRIEN )
14  BRODY, an individual,      ) CV10-7705 DSF ((CWx))
                               )
15            Plaintiffs,      ) PLAINTIFFS THREE-SEVEN
                               ) ENTERTAINMENT, INC.'S AND
16       vs.                   ) ADRIEN BRODY'S *EX PARTE*
                               ) APPLICATION FOR TEMPORARY
17  GIALLO PRODUCTIONS, LTD., a ) RESTRAINING ORDER AND
    United Kingdom limited company; ) ORDER TO SHOW CAUSE RE
18  HANNIBAL PICTURES, INC., a ) PRELIMINARY INJUNCTION
    California corporation; RICHARD )
19  RIONDA DEL CASTRO, an      )
    individual; RAFAEL PRIMORAC, ) [Filed Concurrently With:
20  an individual; MAYA        ) Memorandum of Points & Authorities
    ENTERTAINMENT GROUP, INC., ) in Support of Application for TRO and
21  a Delaware corporation; and DOES ) OSC re Preliminary Injunction;
    1-10, inclusive,           ) Declarations of Adrien Brody, Jere
22                             ) Douglass and Evan N. Spiegel in
              Defendants.      ) Support Thereof; [Proposed] TRO and
23                             ) OSC Re Preliminary Injunction]; and
                               ) [Proposed] Preliminary Injunction]
24                             )
                               ) DATE:    Submission
25                             ) TIME:    Submission
                               ) CTRM:    Courtroom 840
26  _____ )
                                    Roybal Building
27
28  ///

CONFORMED COPY

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiffs THREE-SEVEN ENTERTAINMENT, INC. ("TSE") and ADRIEN BRODY ("Brody"), an Academy Award winning motion picture actor (collectively "Plaintiffs"), hereby make this *ex parte* application to the Court for the issuance of a Temporary Restraining Order ("TRO") and Order to Show Cause ("OSC") Re: Preliminary Injunction, to stop, enjoin and restrain Defendants GIALLO PRODUCTIONS, LTD., ("GPL"), HANNIBAL PICTURES, INC., ("Hannibal"), RICHARD RIONDA DEL CASTRO ("Rionda"), RAFAEL PRIMORAC "(Primorac"), MAYA ENTERTAINMENT GROUP, INC., ("Maya"), DOES 1-10 ("Does") (all collectively "Defendants"), and each of them, and all of their officers, directors, stockholders, owners, partners, agents, servants, employees, representatives, distributors and attorneys, and all those in active concert or participation with Defendants, and each of them, and anyone who receives notice of the order, *as set forth in more detail herein*, from:

(1)   Displaying, disseminating, posting, publishing, distributing, selling and/or otherwise making use of, exploiting or making available, the motion picture referred to and/or titled *Giallo* (the "Picture") containing or with the use and inclusion of the image and likeness of Brody, all until such time, if ever, that Defendants pay Brody the full amount of the Brody Holdback in the amount of $640,000 (as defined in the parties' Deferral Payment Agreement ), and present satisfactory proof of the same to this Court.

(2)   Displaying, disseminating, posting, publishing, distributing, selling and/or otherwise making any use of, exploiting or making available, any out-take images, trailers or clips of the Picture which contain or use or include the image and likeness of Brody, all until such time, if ever, that Defendants pay Brody the full amount of the Brody Holdback and present satisfactory proof of the same to this Court.

/ / /

EX PARTE APPL. FOR TRO AND
OSC RE PRELIM. INJUNCTION

1        (3)    Infringing and making any unauthorized use of Brody's name,

2  photograph, image, likeness and/or persona in connection with any commercial

3  purpose(s), including on the Internet to advertise, sell, license and/or exploit the

4  Picture.

5       This Application is made pursuant to Federal Rule of Civil Procedure 65(b)

6  and Local Rules 7-19 and 65-1, on grounds that good cause exists for the Court to

7  issue a TRO and preliminary injunction because, among other reasons:

8

9        &bull;    As material consideration in exchange for Brody's agreement to

10          continue to render acting services on the Picture and to temporarily

11          defer a portion of his guaranteed fixed compensation in the amount of

12          $640,000 (the "Brody Holdback"), Brody was induced to enter into a

13          Deferral Payment Agreement, which agreement amended and

14          superseded the parties' prior Acting Services Agreement with new

15          rights and obligations, pursuant to which Brody was expressly granted

16          the absolute right to withhold consent to the use of his likeness in the

17          Picture until he was paid the full amount of the Brody Holdback.

18

19        &bull;    Brody has not, to date, received any of the deferred money of the

20          Brody Holdback, and Brody has previously exercised his express right

21          to withhold consent to the use of his likeness in the Picture, and,

22          notwithstanding the foregoing, after having been placed on notice that

23          Brody exercised his express right to withhold consent to the use of his

24          likeness in the Picture, Defendants have disregarded Brody's demands

25          that they not use his likeness and that his likeness in the Picture be

26          deleted until such time as they are able to satisfy their contractual

27          obligation to pay Brody the full amount of the Brody Holdback, and

28          have instead increased their efforts to and continue to seek to exploit,

market, distribute and sell the Picture containing Brody's image and likeness therein.

- Defendants have entered into, or attempted to enter into, or facilitated licensing agreement(s) with websites and distributors to advertise, promote, display, market, disseminate, distribute and/or offer or attempt to sell, and otherwise commercially exploit, the Picture containing or with the use and inclusion of the image and likeness of Brody.

- Defendants have admitted, advertised and promoted their intention, with an advertised October 19, 2010 release date, to *immediately* use, sell, display, market, disseminate, distribute and/or offer or attempt to sell, and otherwise commercially exploit, the Picture containing or with the use and inclusion of the image and likeness of Brody, including by DVD sales of the Picture on the retail website Amazon.com.

- Defendants have infringed Brody's exclusive right of publicity by their actual or attempted use, sale, display, market, disseminate, distribution and/or offering or attempting to sell (and continuing to do so), and otherwise commercially exploit, the Picture containing or with the use and inclusion of the image and likeness of Brody.

Brody has and will continue to suffer irreparable harm should Defendants fail and refuse to honor and comply, by specific performance, with the exercise of Brody's absolute right to withhold consent to the use of his likeness in the Picture until he is paid the full amount of the Brody Holdback. Defendants' unauthorized use of Brody's right of publicity and their unauthorized use of Brody's likeness in

1   the Picture by their actual or attempted use, sale, display, marketing, dissemination,

2   distribution and/or offering or attempting to sell, and otherwise commercially

3   exploit, the Picture containing or with the use and inclusion of the image and

4   likeness of Brody, is causing immediate, irreparable and continuing harm to Brody.

5   Defendants are not authorized to distribute or exploit the Picture containing

6   or with the use and inclusion of the likeness of Brody. Defendants are not precluded

7   from removing the likeness of Brody from the Picture and from marketing,

8   distributing or exploiting a version of the Picture *without* Brody's likeness. As

9   bargained for and agreed among the parties, Brody does not seek to prevent the

10  release of the Picture, only the release of any version of the Picture with the use and

11  inclusion of Brody's likeness until such time as he is paid in full the deferred money

12  of the Brody Holdback.

13  Defendants' outrageous attempts to capitalize on Brody's celebrity through

14  their fraudulent schemes and unauthorized commercial exploitation of Brody's

15  likeness without compensating him is a material breach of their agreement. After

16  having been placed on notice of Brody's position, rights and claims, Defendants

17  have increased their efforts to and continue to seek to exploit, market, distribute and

18  sell the Picture containing Brody's image and likeness therein. In fact, Defendants

19  now plan a broad DVD release of the Picture for October 19, 2010, including

20  selling these DVDs on the retailer website Amazon.com. Defendants have been so

21  bold as to state that they will never pay Brody. Defendants' conduct violates the

22  terms of Defendants' express agreements, as well as Brody's right of publicity.

23  Exploitation of Brody's likeness by release of the DVD of the Picture by

24  Defendants, and each of them, will usurp from Brody control over the use of his

25  likeness, including any ability to ever receive the promised and bargained for

26  compensation from the Defendants. With every day, Defendants continue to attempt

27  to sell and/or exploit the Picture, and websites continue to display and exploit and

28  / / /

1   offer for sale the Picture with Brody's likeness, all furthering the irreparable harm

2   to be suffered by Brody.

3        Accordingly, Plaintiffs respectfully request issuance of aTRO and Order to

4   Show Cause, if any, re Preliminary Injunction that Defendants, and each of them,

5   and their respective officers, directors, members, stockholders, owners,

6   subsidiaries, partners, agents, servants, employees, distributors, representatives,

7   attorneys, and all those acting in concert or participation with or at the direction or

8   authority of any Defendants (collectively herein sometimes referred to as,

9   "Defendant Related Parties"), and each of them, including any distributors,

10  wholesalers, retailers, websites and exhibitors, who receive notice of this order, be:

11        (1)     RESTRAINED and ENJOINED and prohibited from and shall

12  not transfer, license, sell, exploit, distribute, or offer or attempt to transfer, license,

13  sell, exploit or distribute, or display, post, screen, show, exhibit, market, advertise,

14  promote, or otherwise make any use of, exploit or make available in any format or

15  medium or outlet (collectively, "exploit(ing)" and/or "distribute(ing)"), the Picture,

16  which in any way contain or use or include or capture the likeness and/or image of

17  Brody, all until such time, if ever, that Defendants pay Brody the full amount of the

18  Brody Holdback and present satisfactory proof of the same to this Court;

19        (2)     RESTRAINED and ENJOINED and prohibited from exploiting

20  and/or distributing (as defined hereinabove) any out-take images, trailers or clips of

21  the Picture which in an way contain or use or include the likeness and/or image of

22  Brody, all until such time, if ever, that Defendants pay Brody the full amount of the

23  Brody Holdback and present satisfactory proof of the same to this Court;

24        (3)     RESTRAINED and ENJOINED and prohibited from infringing

25  and making any unauthorized use of Brody's name, photograph, image, likeness

26  and/or persona in connection with any commercial purpose(s), including on the

27  Internet to advertise, sell, license and/or exploit the Picture.

28  / / /

1    Additionally, Plaintiffs will request that the Court order Defendants, and each
2    of them, and the Defendant Related Parties, and each of them, to:

3           (a)    Immediately recall, retrieve and obtain all copies of the Picture,
4    in any format or medium, that in any way contains, includes or captures the
5    performance, likeness and/or name of Adrien Brody, from all distributors,
6    wholesalers, retailers, websites and exhibitors, and any other persons or entities,
7    who received possession of any of said material from any of the Defendant Related
8    Parties;

9           (b)    Immediately give notice (along with a copy of the order) to any
10   and all persons and entities to whom Defendants, and each of them, and/or the
11   Defendant Related Parties, and each of them, have licensed and/or otherwise
12   granted any rights to license, sell or otherwise exploit or distribute the Picture, in
13   any format or medium, that in any way contains, includes or captures the
14   performance, likeness and/or name of Adrien Brody, and give them notice that they
15   are enjoined by Court Order from transferring, licencing, selling, exploiting,
16   distributing, displaying, showing, exhibiting, marketing, advertising, promoting, or
17   offering to or attempting to exploit, license, sell, exploit, distribute, display, screen,
18   show, exhibit, market, advertise or promote, the Picture, in any format or medium,
19   that in any way contains, includes or captures the performance, likeness and/or
20   name of Brody;

21          (c)    Immediately (within 24-hours of service of this Order) account
22   to Plaintiffs and provide Plaintiffs' counsel, under statement of penalty of perjury
23   as to its completeness and accuracy, with a list setting forth and documenting the
24   name, address, telephone number, e-mail address and facsimile number (as known)
25   of: (i) all distributors, wholesalers, retailers, websites and exhibitors, and any other
26   persons or entities, who received possession of any of said material from any of the
27   Defendant Related Parties; and (ii) all distributors, wholesalers, retailers, websites
28   and exhibitors, and any other persons or entities, with whom and/or to whom

EX PARTE APPL. FOR TRO AND
OSC RE PRELIM. INJUNCTION

Defendants, and each of them, and/or the Defendant Related Parties, and each of them, have licensed and/or otherwise granted any rights to license, sell or otherwise exploit or distribute the Picture, in any format or medium, that in any way contains, includes or captures the performance, likeness and/or name of Adrien Brody; the foregoing so Plaintiffs can provide such persons/entities with notice of this Order if Plaintiffs elect to do so.

This Application is further made pursuant to 28 U.S. Code §§ 1332, 1332(a) and 1391, Federal Rule of Civil Procedure Rule 65 and USDC Central District Local Rule 65-1.  Venue lies within and is proper in this District and Court pursuant to 28 U.S.C. § 1391(a) because one or more Defendants reside in or are subject to personal jurisdiction in this District.   Brody seeks injunctive relief against Defendants on the grounds that good cause warrants this court issuing a temporary restraining order and preliminary injunction.

Brody has not previously sought issuance of a Temporary Restraining Order or Order to Show Cause regarding the relief requested above.

This Application is based upon this *ex parte* notice, the attached Memorandum of Points and Authorities filed herewith the Complaint filed in this matter, the Declarations filed concurrently herewith and the exhibits attached thereto, matters of which this Court may take judicial notice, and upon such other oral and/or documentary evidence, if any, that may be presented at the time of or prior to the hearing on this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8

1    A copy of this Application, the accompanying Memorandum of Points and

2   Authorities, supporting papers and the Complaint in this action, shall be sent to

3   Defendants and/or their known counsel within one business day of the date/time of

4   the filling of this Application. See the accompanying declaration of Evan N. Spiegel

5   ("Spiegel Decl.") ¶ 33.  Plaintiff's counsel notified Defendants and/or their known

6   counsel of this *ex parte* application.  Plaintiffs' counsel is not, as of the completion

7   of this Application, aware as to whether Defendants will oppose this Application,

8   as Defendants have not, as of yet, responded to Plaintiffs' notice. (*Id.* ¶ 32).

9

10                                          Respectfully submitted,

11   DATE: October 14, 2010            LAVELY & SINGER
                                       PROFESSIONAL CORPORATION
12                                     MARTIN D. SINGER
                                       EVAN N. SPIEGEL
13                                     ANDREW B. BRETTLER

14
                                       By:_____
15                                          EVAN N. SPIEGEL
16                                     Attorneys for Plaintiffs
                                       THREE-SEVEN ENTERTAINMENT, INC.
17                                     and ADRIEN BRODY

18

19

20

21

22

23

24

25

26

27

28