UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THREE-SEVEN ENTERTAINMENT, INC., a Nevada corporation; and ADRIEN BRODY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GIALLO PRODUCTIONS, LTD., a United Kingdom limited company; HANNIBAL PICTURES, INC., a California corporation; RICHARD RIONDA DEL CASTRO, an individual; RAFAEL PRIMORAC, an individual; MAYA ENTERTAINMENT GROUP, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>CV10-7705 DSF (CWx)<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION<br><br>DATE:     Submission<br>TIME:     Submission<br>PLACE:   Courtroom ___<br>               Hon. _____ |

/ / /

/ / /

/ / /

/ / /

/ / /

1   The Application for Temporary Restraining Order and Order to Show Cause
2 re Preliminary Injunction (the "Application") of Plaintiffs Three-Seven
3 Entertainment, Inc.'s and Adrien Brody's (sometimes herein collectively referred
4 to as "Plaintiffs") came before the Court upon the Court's grant of Plaintiff's
5 requested TRO and the issuance of an Order to Show Cause ("OSC") as to why a
6 preliminary injunction should not issue against defendants Giallo Productions, Ltd.,
7 Hannibal Pictures, Inc., Richard Rionda Del Castro, Rafael Primorac, Maya
8 Entertainment Group, Inc., and Does 1-10;

9   AND, the Court having considered the Complaint, the declarations and
10 memorandum of points and authorities presented by Plaintiffs in support of the
11 Application, and any other papers, evidence or arguments presented by the parties
12 in connection with Plaintiffs' Application;

13   AND, it appearing to the satisfaction of the Court upon hearing that:

14   (1) Plaintiffs have made a clear showing that they are likely to succeed on
15 the merits at trial in this action;

16   (2) Plaintiffs have shown that they are suffering, and/or will continue to
17 suffer, immediate and irreparable harm if the requested relief is not granted; and

18   (3) the balance of hardships tips in the favor of Plaintiffs on the present
19 application for preliminary injunction;

20   **IT IS HEREBY ORDERED THAT:**

21   DEFENDANTS Giallo Productions, Ltd., Hannibal Pictures, Inc., Richard
22 Rionda Del Castro, Rafael Primorac, Maya Entertainment Group, Inc., and Does
23 1-10 (all of whom are collectively herein sometimes referred to as, "Defendants"),
24 and each of them, and their respective officers, directors, members, stockholders,
25 owners, subsidiaries, partners, agents, servants, employees, distributors,
26 representatives, attorneys, and all those acting in concert or participation with or at
27 the direction or authority of any Defendants (collectively herein sometimes referred
28 to as, "Defendant Related Parties"), and each of them, and all others, including any

1  distributors, wholesalers, retailers, websites and exhibitors, who receive notice of
2  this order (whether in electronic or hard-copy form or in any other manner), and
3  each of them, are, pending final disposition of this matter before the Court, hereby:
4        (a)    RESTRAINED and ENJOINED and prohibited from and shall
5  <u>not</u> transfer, license, sell, exploit, distribute, or offer or attempt to transfer, license,
6  sell, exploit or distribute, or display, post, screen, show, exhibit, market, advertise,
7  promote, or otherwise make any use of, exploit or make available in any format or
8  medium or outlet (collectively, "exploit(ing)" and/or "distribute(ing)"), the film
9  known as and entitled "*Giallo*" (the "Picture"), which in any way contain or use or
10 include or capture the likeness and/or image of Adrien Brody, all until such time,
11 if ever, that Defendants pay Brody the full amount of the Brody Holdback and
12 present satisfactory proof of the same to this Court; and
13       (b)    RESTRAINED and ENJOINED and prohibited from exploiting
14 and/or distributing (as defined hereinabove) any out-take images, trailers or clips of
15 the Picture which in an way contain or use or include the likeness and/or image of
16 Brody, all until such time, if ever, that Defendants pay Brody the full amount of the
17 Brody Holdback and present satisfactory proof of the same to this Court; and
18       (c)    RESTRAINED and ENJOINED and prohibited from infringing
19 and making any unauthorized use of Brody's name, photograph, image, likeness
20 and/or persona in connection with any commercial purpose(s), including on the
21 Internet to advertise, sell, license and/or exploit the Picture.
22     2.    DEFENDANTS, and each of them, are hereby further (subject to sub-
23 paragraph (d) below):
24       (a)    ORDERED and directed to immediately recall, retrieve and
25 obtain all copies of the Picture, in any format or medium, that in any way contains,
26 includes or captures the performance, likeness and/or name of Adrien Brody, from
27 all distributors, wholesalers, retailers, websites and exhibitors, and any other
28 / / /

1  persons or entities, who received possession of any of said material from any of the
2  Defendant Related Parties;

3        (b)    ORDERED and directed to immediately give notice (along with
4  a copy of this Order) to any and all persons and entities to whom Defendants, and
5  each of them, and/or the Defendant Related Parties, and each of them, have licensed
6  and/or otherwise granted any rights to license, sell or otherwise exploit or distribute
7  the Picture, in any format or medium, that in any way contains, includes or captures
8  the performance, likeness and/or name of Adrien Brody, and give them notice that
9  they are enjoined by Court Order from transferring, licencing, selling, exploiting,
10  distributing, displaying, showing, exhibiting, marketing, advertising, promoting, or
11  offering to or attempting to exploit, license, sell, exploit, distribute, display, screen,
12  show, exhibit, market, advertise or promote, the Picture, in any format or medium,
13  that in any way contains, includes or captures the performance, likeness and/or
14  name of Adrien Brody;

15        (c)    ORDERED and directed to immediately (within 24-hours of
16  service of this Order) account to Plaintiffs and provide Plaintiffs' counsel, under
17  statement of penalty of perjury as to its completeness and accuracy, with a list
18  setting forth and documenting the name, address, telephone number, e-mail address
19  and facsimile number (as known) of: (i) all distributors, wholesalers, retailers,
20  websites and exhibitors, and any other persons or entities, who received possession
21  of any of said material from any of the Defendant Related Parties; and (ii) all
22  distributors, wholesalers, retailers, websites and exhibitors, and any other persons
23  or entities, with whom and/or to whom Defendants, and each of them, and/or the
24  Defendant Related Parties, and each of them, have licensed and/or otherwise
25  granted any rights to license, sell or otherwise exploit or distribute the Picture, in
26  any format or medium, that in any way contains, includes or captures the
27  performance, likeness and/or name of Adrien Brody; the foregoing so Plaintiffs can
28  provide such persons/entities with notice of this Order if Plaintiffs elect to do so.

(d) PROVIDED HOWEVER, to the extent that any particular Defendant(s) have already complied with the requirements of the subparagraphs 2(a) through 2(c) above in connection with the Court's temporary restraining order, any said Defendant(s) are relieved from having to comply with such subparagraphs for a second time.  Counsel for Plaintiffs and Defendants shall work together in good faith to resolve any disputes concerning compliance herewith prior to seeking the Court's intervention.

**IT IS FURTHER ORDERED THAT:**

Within ten (10) days after entry of this Order of Preliminary Injunction, each Defendant shall file with the Court and serve upon Brody's counsel a report, under penalty of perjury, setting forth the manner and form in which said Defendants have complied with each section of this Preliminary Injunction.

**IT IS FURTHER ORDERED THAT:**

The bond in connection with the Temporary Restraining Order in this Action shall constitute the bond on this Preliminary Injunction.

**SERVICE OF PROCESS**

A copy of this Order shall be served upon the Defendants via telecopier, e-mail or Federal Express or similar delivery service by not later than the second business-day following the issuance of this Order or notice thereof to Plaintiffs, whichever is later.

**IT IS SO ORDERED.**

Dated: _____, 2010   _____
                                        HON.
                                  UNITED STATES DISTRICT JUDGE