LODGED

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

11  THREE-SEVEN                      ) CASE NO.
    ENTERTAINMENT, INC., a           )
12  Nevada corporation; and ADRIEN   ) CV10-7705 DSF ((CWx)
    BRODY, an individual,            )
13                                   ) [PROPOSED] TEMPORARY
                  Plaintiffs,        ) RESTRAINING ORDER ("TRO")
14                                   ) AND ORDER TO SHOW CAUSE
         vs.                         ) ("OSC") RE PRELIMINARY
15                                   ) INJUNCTION
    GIALLO PRODUCTIONS, LTD., a )
16  United Kingdom limited company; )
    HANNIBAL PICTURES, INC., a    ) DATE:     Submission
17  California corporation; RICHARD ) TIME:    Submission
    RIONDA DEL CASTRO, an         ) PLACE:    Courtroom ____
18  individual; RAFAEL PRIMORAC,  )           Hon. _____
    an individual; MAYA              )
19  ENTERTAINMENT GROUP, INC.,)
    a Delaware corporation; and DOES )
20  1-10, inclusive,                 )
                                     )
21               Defendants.         )
                                     )
22

23       TO: GIALLO PRODUCTIONS, LTD., HANNIBAL PICTURES, INC.,

24  RICHARD RIONDA DEL CASTRO, RAFAEL PRIMORAC, MAYA

25  ENTERTAINMENT GROUP, INC., DOES 1-50, AND THEIR RESPECTIVE

26  ATTORNEYS OF RECORD:

27       This matter having come before the Court on Plaintiffs Three-Seven

28  Entertainment, Inc.'s and Adrien Brody's (sometimes herein collectively referred

to as "Plaintiffs") Ex Parte Application for Temporary Restraining Order ("TRO") and Order to Show Cause ("OSC") re Preliminary Injunction (collectively, the "Application") against defendants Giallo Productions, Ltd., Hannibal Pictures, Inc., Richard Rionda Del Castro, Rafael Primorac, Maya Entertainment Group, Inc., and Does 1-10;

AND, the Court having considered the Complaint, the declarations and memorandum of points and authorities presented by Plaintiffs in support of the Application, and any other papers, evidence or arguments presented by the parties in connection with Plaintiffs' Application;

AND, the Court having found that good cause exists therefor, and Plaintiffs having shown that immediate and irreparable harm likely to result to Plaintiffs in the absence of the requested relief;

**IT IS NOW HEREBY ORDERED THAT:**

## ORDER TO SHOW CAUSE

1.  DEFENDANTS Giallo Productions, Ltd., Hannibal Pictures, Inc., Richard Rionda Del Castro, Rafael Primorac, Maya Entertainment Group, Inc., and Does 1-10 (all of whom are collectively herein sometimes referred to as, "Defendants"), and each of them, are hereby ORDERED TO SHOW CAUSE and to appear before this Court in Courtroom _____, located at _____ _____, at ___:___ __.m., or as soon thereafter as this matter may be heard on _____, 2010, then and there to show cause, if any, why Defendants, and each of them, and their respective officers, directors, members, stockholders, owners, subsidiaries, partners, agents, servants, employees, distributors, representatives, attorneys, and all those acting in concert or participation with or at the direction or authority of any Defendants (collectively herein sometimes referred to as, "Defendant Related Parties"), and each of them, and all others, including any distributors, wholesalers, retailers, websites and exhibitors, who receive notice of this order (whether in electronic or

hard-copy form or in any other manner), and each of them, while pending the hearing and determination of this action and further Order of this Court, why a preliminary injunction should not issue and why they should not be ENJOINED AND RESTRAINED, continuing the below TRO, as follows:

        a.    RESTRAINED and ENJOINED and prohibited from and shall <u>not</u> transfer, license, sell, exploit, distribute, or offer or attempt to transfer, license, sell, exploit or distribute, or display, post, screen, show, exhibit, market, advertise, promote, or otherwise make any use of, exploit or make available in any format or medium or outlet (collectively, "exploit(ing)" and/or "distribute(ing)"), the film known as and entitled "*Giallo*" (the "Picture"), which in any way contain or use or include or capture the likeness and/or image of Adrien Brody, all until such time, if ever, that Defendants pay Brody the full amount of the Brody Holdback and present satisfactory proof of the same to this Court;

        b.    RESTRAINED and ENJOINED and prohibited from exploiting and/or distributing (as defined hereinabove) any out-take images, trailers or clips of the Picture which in an way contain or use or include the likeness and/or image of Brody, all until such time, if ever, that Defendants pay Brody the full amount of the Brody Holdback and present satisfactory proof of the same to this Court;

        c.    RESTRAINED and ENJOINED and prohibited from infringing and making any unauthorized use of Brody's name, photograph, image, likeness and/or persona in connection with any commercial purpose(s), including on the Internet to advertise, sell, license and/or exploit the Picture.

**IT IS HEREBY FURTHER ORDERED THAT:**

<u>**TEMPORARY RESTRAINING ORDER**</u>

2.    Pending hearing and determination of this Order to Show Cause, Defendants, and each of them, and the Defendant Related Parties, and each of them, and all others, including any distributors, wholesalers, retailers, websites and exhibitors, who receive notice of this order (whether in electronic or hard-copy form

or in any other manner), and each of them, are hereby ENJOINED AND RESTRAINED and prohibited as follows:

    a.    During the pendency of this matter, Defendants each of them, and the Defendant Related Parties, and each of them, and all others, including any distributors, wholesalers, retailers, websites and exhibitors, who receive notice of this order, and each of them are prohibited from and shall <u>not</u> transfer, license, sell, exploit, distribute, or offer or attempt to transfer, license, sell, exploit or distribute, or display, post, screen, show, exhibit, market, advertise, promote, or otherwise make any use of, exploit or make available in any format or medium or outlet (collectively, "exploit(ing)" and/or "distribute(ing)"), the film known as and entitled "*Giallo*" (the "Picture"), which in any way contain or use or include or capture the likeness and/or image of Adrien Brody, all until such time, if ever, that Defendants pay Brody the full amount of the Brody Holdback and present satisfactory proof of the same to this Court;

    b.    During the pendency of this matter, Defendants each of them, and the Defendant Related Parties, and each of them, and all others, including any distributors, wholesalers, retailers, websites and exhibitors, who receive notice of this order, and each of them are prohibited from exploiting and/or distributing (as defined hereinabove) any out-take images, trailers or clips of the Picture which in an way contain or use or include the likeness and/or image of Brody, all until such time, if ever, that Defendants pay Brody the full amount of the Brody Holdback and present satisfactory proof of the same to this Court; and

    c.    Defendants each of them, and the Defendant Related Parties, are prohibited from infringing and making any unauthorized use of Brody's name, photograph, image, likeness and/or persona in connection with any commercial purpose(s), including on the internet to advertise, sell, license and/or exploit the Picture.

/ / /

3. Defendants, and each of them, the Defendant Related Parties, and each of them, are hereby further:

    a. ORDERED and directed to immediately recall, retrieve and obtain all copies of the Picture, in any format or medium, that in any way contains, includes or captures the performance, likeness and/or name of Adrien Brody, from all distributors, wholesalers, retailers, websites and exhibitors, and any other persons or entities, who received possession of any of said material from any of the Defendant Related Parties;

    b. ORDERED and directed to immediately give notice (along with a copy of this Order) to any and all persons and entities to whom Defendants, and each of them, and/or the Defendant Related Parties, and each of them, have licensed and/or otherwise granted any rights to license, sell or otherwise exploit or distribute the Picture, in any format or medium, that in any way contains, includes or captures the performance, likeness and/or name of Adrien Brody, and give them notice that they are enjoined by Court Order from transferring, licencing, selling, exploiting, distributing, displaying, showing, exhibiting, marketing, advertising, promoting, or offering to or attempting to exploit, license, sell, exploit, distribute, display, screen, show, exhibit, market, advertise or promote, the Picture, in any format or medium, that in any way contains, includes or captures the performance, likeness and/or name of Adrien Brody;

    c. ORDERED and directed to immediately (within 24-hours of service of this Order) account to Plaintiffs and provide Plaintiffs' counsel, under statement of penalty of perjury as to its completeness and accuracy, with a list setting forth and documenting the name, address, telephone number, e-mail address and facsimile number (as known) of: (i) all distributors, wholesalers, retailers, websites and exhibitors, and any other persons or entities, who received possession of any of said material from any of the Defendant Related Parties; and (ii) all distributors, wholesalers, retailers, websites and exhibitors, and any other persons

or entities, with whom and/or to whom Defendants, and each of them, and/or the Defendant Related Parties, and each of them, have licensed and/or otherwise granted any rights to license, sell or otherwise exploit or distribute the Picture, in any format or medium, that in any way contains, includes or captures the performance, likeness and/or name of Adrien Brody; the foregoing so Plaintiffs can provide such persons/entities with notice of this Order if Plaintiffs elect to do so.

## EFFECTIVE DATE/TIME

4. The above Temporary Restraining Order is effective immediately upon issuance, and Plaintiffs shall file an undertaking within seven business-days of the issuance of this order, in the sum of $_____ Dollars.

## SERVICE OF PROCESS

5. A copy of this Order shall be served upon the named Defendants, which may be effected via telecopier, e-mail or Federal Express or similar delivery service, or personal service, by not later than ___:___ __.m. on October __, 2010, and the Memorandum of Points and Authorities and supporting documents filed concurrently herewith must be served on the above-named Defendants via either personal/messenger delivery or via Federal Express, or similar delivery service, or via delivery to their counsel of record, by not later than October __, 2010.

Any Opposition papers shall be personally served and filed by __:00 __.m. on _____, 2010, and any Reply papers shall be filed and served by either facsimile or Federal Express, or similar delivery service, by __:00 __.m. on _____, 2010.

**IT IS SO ORDERED.**

Dated: October __, 2010    _____
HON.
UNITED STATES DISTRICT JUDGE