**MARTIN D. SINGER (BAR NO. 78166)**
**EVAN N. SPIEGEL (BAR NO. 198071)**
**ANDREW B. BRETTLER (BAR NO. 262928)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
E-mail:      mdsinger@lavelysinger.com
E-mail:      espiegel@lavelysinger.com
E-mail:      abrettler@lavelysinger.com

Attorneys for Plaintiffs
THREE-SEVEN ENTERTAINMENT, INC., and
ADRIEN BRODY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THREE-SEVEN ENTERTAINMENT, INC., a Nevada corporation; and ADRIEN BRODY, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> GIALLO PRODUCTIONS, LTD., a United Kingdom limited company; HANNIBAL PICTURES, INC., a California corporation; RICHARD RIONDA DEL CASTRO, an individual; RAFAEL PRIMORAC, an individual; MAYA ENTERTAINMENT GROUP, INC., a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. CV 10-7705 DSF (CWx) <br> HON. DALE S. FISCHER <br><br> **PLAINTIFFS' NOTICE OF MOTION FOR PRELIMINARY INJUNCTION** <br><br> [Filed Concurrently with: Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction; Declarations of Adrien Brody, Jere Douglass and Evan N. Spiegel, in Support Thereof; Request for Judicial Notice; and [Proposed] Preliminary Injunction] <br><br> DATE:    November 22, 2010 <br> TIME:    1:30 p.m. <br> PLACE:   Courtroom 840 <br>                 Roybal Building <br>                 Hon. Dale S. Fischer <br><br> Disc. Cut-Off:     N/A <br> Motion Cut-Off:   N/A <br> Trial Date:          N/A |

/ / /

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on November 22, 2010, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 840 of the above entitled Court located at the Roybal Federal Building, 255 E. Temple St., Los Angeles, CA 90012, Plaintiffs Three-Seven Entertainment, Inc. and Adrien Brody (collectively "Plaintiffs") will and hereby do move the Court for an order for issuance of a Preliminary Injunction, to stop, enjoin and restrain Defendants GIALLO PRODUCTIONS, LTD., ("GPL"), HANNIBAL PICTURES, INC., ("Hannibal"), RICHARD RIONDA DEL CASTRO ("Rionda"), RAFAEL PRIMORAC ("Primorac"), MAYA ENTERTAINMENT GROUP, INC., ("Maya"), DOES 1-10 ("Does") (all collectively, "Defendants"), and each of them, and all those in active concert or participation with Defendants, and each of them, in specific performance of the parties' express written agreement and as set forth in more detail herein below, from:

(1) Transferring, licensing, selling, exploiting, distributing, or offering or attempting to transfer, license, sell, exploit or distribute, or displaying, exhibiting, marketing, advertising, promoting, or otherwise making any use of, exploiting or making available in any format or medium or outlet (collectively, "exploit(ing)" and/or "distribute(ing)"), the film known as and entitled "*Giallo*" (the "Picture"), which in any way contains or uses or includes or captures the likeness of Adrien Brody, all until such time that the Brody Holdback in the amount of $640,000 (as defined in the parties' Deferral Payment Agreement) is paid in full and Defendants present satisfactory proof of the same to this Court;

(2) Exploiting and/or distributing (as defined hereinabove) any out-take images, trailers or clips of the Picture which in an way contain or use or include the likeness of Brody, all until such time that the Brody Holdback is paid in full and Defendants present satisfactory proof of the same to this Court; and

/ / /

**1**   (3)   Infringing and making any unauthorized use of Brody's name,

**2** image, likeness and/or persona in connection with any commercial purpose(s),

**3** including on the Internet to advertise, sell, license and/or exploit the Picture.

**4**   This Application is made pursuant to Federal Rule of Civil Procedure 65(a)

**5** and Local Rules 65-1, and on the grounds that good cause exists for the Court to

**6** issue a preliminary injunction because, among other reasons:

**7**   • After the producers breached the Acting Services Agreement ("ASA")

**8**   with Brody, as material the consideration in exchange for Brody's

**9**   agreement to continue to render acting services on the film "*Giallo*"

**10**   (the "Picture") and to temporarily defer a portion of his guaranteed

**11**   fixed compensation in the amount of $640,000 (the "Brody

**12**   Holdback"), Brody was induced to enter into a Deferral Payment

**13**   Agreement, which agreement amended and superseded the parties'

**14**   prior ASA with new rights and obligations, pursuant to which Brody

**15**   was granted the absolute right to withhold consent to the use of his

**16**   likeness in the Picture until he was paid the full amount of the Brody

**17**   Holdback.  Producer Defendants are not necessarily required to pay the

**18**   Brody Holdback -- they had a specific bargained-for choice, either pay

**19**   Brody the holdback or they could not use his uncompensated for acting

**20**   services -- *i.e.*, Brody's likeness -- in the Picture.

**21**

**22**   • Brody has not, to date, received the deferred money of the Brody

**23**   Holdback, and Brody has previously exercised his express right to

**24**   withhold consent to the use of his likeness in the Picture, and,

**25**   notwithstanding the foregoing, after having been placed on notice that

**26**   Brody exercised his express right to withhold consent to the use of his

**27**   likeness in the Picture, Defendants have disregarded Brody's demands

**28**   that they not use his likeness and that his likeness in the Picture be

1   removed until such time as they pay Brody the Brody Holdback, and

2   have instead increased their efforts to and continue to seek to exploit,

3   distribute and sell the Picture containing Brody's likeness therein,

4   including now on DVD.

5

6   •   Defendants have and are continuing to infringe Brody's exclusive right

7   of publicity by their actual and continuing use, sale, dissemination,

8   distribution and/or other commercial exploitation, of the Picture

9   containing the likeness of Brody.  The DVD release, and any video

10   rental, is only one step of a dozen or so multi-step intended future

11   exploitation, with future planned premium pay-cable, on-demand,

12   streaming, cable and television exploitation, among other distribution.

13

14   •   Brody has and will continue to suffer irreparable harm should

15   Defendants fail and refuse to comply, by specific performance, with

16   the exercise of Brody's absolute right to withhold consent to the use of

17   his likeness in the Picture unless and until he is paid.  Defendants'

18   unauthorized use of Brody's right of publicity and their unauthorized

19   use of Brody's likeness in the Picture by their actual use, sale,

20   dissemination, distribution and/or other commercial exploitation, of the

21   Picture containing or with the inclusion of the likeness of Brody, is

22   causing immediate, irreparable and continuing harm to Brody.

23

24   •   Defendants are not authorized to distribute or exploit the Picture

25   containing or with the use and inclusion of the likeness of Brody.

26   Defendants are not precluded from removing the likeness of Brody

27   from the Picture and from distributing and exploiting a version of the

28   Picture *without* Brody's likeness.  As bargained for and agreed among

1   the parties, Brody does not seek to prevent the release of the Picture,

2   only the release of any version of the Picture with the unauthorized use

3   and inclusion of Brody's likeness until such time as he is paid in full

4   the deferred money of the Brody Holdback.

5

6   This motion is made following the conference of counsel pursuant to Local

7   Rule 7-3, which was conducted with respective counsel for defendants Giallo

8   Productions, Ltd., Hannibal Pictures, Inc., and Richard Rionda Del Castro, on May

9   24, 2010 and July 16, 2010 by written correspondence, and on September 15, 2010

10  and again on October 18, 2010 telephonically; and with counsel for defendant Maya

11  Entertainment Group, Inc., on July 8, 2010 and August 6, 2010 by written

12  correspondence, and again on October 18, 2010 telephonically and on October 20,

13  2010 in person.  Plaintiffs understand that Defendants will oppose Plaintiffs' Motion

14  for Preliminary Injunction.

15  This motion is based on this notice of motion, the attached Memorandum of

16  Points and Authorities, the Declarations filed concurrently herewith and the exhibits

17  attached thereto, the Complaint records and pleadings on file in this matter, matters

18  of which this Court may take judicial notice, and upon such other oral and/or

19  documentary evidence, if any, that may be presented at the time of or prior to the

20  hearing on this matter.

21  DATE: October 25, 2010                LAVELY & SINGER
                                          PROFESSIONAL CORPORATION
22                                        MARTIN D. SINGER
                                          EVAN N. SPIEGEL
23                                        ANDREW B. BRETTLER

24                                            /s/ - Evan N. Spiegel
                                          By:_____
25
                                              EVAN N. SPIEGEL
26                                        Attorneys for Plaintiffs
                                          THREE-SEVEN ENTERTAINMENT, INC.
27                                        and ADRIEN BRODY

28