# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THREE-SEVEN ENTERTAINMENT, INC., a Nevada corporation; and ADRIEN BRODY, an individual,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>GIALLO PRODUCTIONS, LTD., a United Kingdom limited company; HANNIBAL PICTURES, INC., a California corporation; RICHARD RIONDA DEL CASTRO, an individual; RAFAEL PRIMORAC, an individual; MAYA ENTERTAINMENT GROUP, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. CV10-7705 DSF (CWx)<br>HON. DALE S. FISCHER<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>DATE:　　November 22, 2010<br>TIME:　　1:30 P.M.<br>PLACE:　　Courtroom 840<br>　　　　　　Hon. Dale S. Fischer |

/ / /

/ / /

/ / /

/ / /

/ / /

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

The Motion for Preliminary Injunction (the "Motion") of Plaintiffs Three-Seven Entertainment, Inc.'s and Adrien Brody's (sometimes herein collectively referred to as "Plaintiffs"), for issuance of a preliminary injunction against defendants Giallo Productions, Ltd., Hannibal Pictures, Inc., Richard Rionda Del Castro, Rafael Primorac, Maya Entertainment Group, Inc., and Does 1-10, came before the Court on November 22, 2010 upon noticed motion and hearing thereon,

AND, the Court having considered the Complaint, the Motion, the declarations and memorandum of points and authorities presented by Plaintiffs in support of the Motion, the Opposition of defendants, and any other papers, evidence or arguments presented by the parties in connection with Plaintiffs' Motion;

AND, it appearing to the satisfaction of the Court upon hearing that:

(1) Plaintiffs have made a clear showing that they are likely to succeed on the merits at trial in this action;

(2) Plaintiffs have shown that they are suffering, and/or will continue to suffer, immediate and irreparable harm if the requested relief is not granted; and

(3) the balance of hardships tips in the favor of Plaintiffs on the present Motion for preliminary injunction;

**IT IS HEREBY ORDERED THAT:**

DEFENDANTS Giallo Productions, Ltd., Hannibal Pictures, Inc., Richard Rionda Del Castro, Rafael Primorac, Maya Entertainment Group, Inc., and Does 1-10 (all of whom are collectively herein sometimes referred to as, "Defendants"), and each of them, and their respective officers, directors, members, stockholders, owners, subsidiaries, partners, agents, servants, employees, distributors, representatives, attorneys, and all those acting in concert or participation with or at the direction or authority of any Defendants (collectively herein sometimes referred to as, "Defendant Related Parties"), and each of them, and all others, including any

1  distributors, wholesalers, retailers, websites and exhibitors, who receive notice of
2  this order (whether in electronic or hard-copy form or in any other manner), and
3  each of them, are, pending final disposition of this matter before the Court, hereby:

4        (a)   RESTRAINED and ENJOINED and prohibited from and shall
5  <u>not</u> transfer, license, sell, exploit, distribute, or offer or attempt to transfer, license,
6  sell, exploit or distribute, or exhibit, market, advertise, promote, or otherwise make
7  any use of, exploit or make available in any format or medium or outlet
8  (collectively, "exploit(ing)" and/or "distribute(ing)"), the film known as and entitled
9  "*Giallo*" (the "Picture"), which in any way contains or uses or includes or captures
10 the likeness and/or image of Adrien Brody, all until such time that the Brody
11 Holdback is paid in full and Defendants present satisfactory proof of the same to this
12 Court; and

13       (b)   RESTRAINED and ENJOINED and prohibited from exploiting
14 and/or distributing (as defined hereinabove) any out-take images, trailers or clips of
15 the Picture which in an way contain or use or include the likeness and/or image of
16 Brody, all until such time that the Brody Holdback is paid in full and Defendants
17 present satisfactory proof of the same to this Court; and

18       (c)   RESTRAINED and ENJOINED and prohibited from infringing
19 and making any unauthorized use of Brody's name, photograph, image, likeness
20 and/or persona in connection with any commercial purpose(s), including on the
21 Internet to advertise, sell, license and/or exploit the Picture.

22    2.   DEFENDANTS, and each of them, are hereby further:

23       (a)   ORDERED and directed to immediately recall, retrieve and
24 obtain all copies of the Picture, in any format or medium, that in any way contains,
25 includes or captures the performance, likeness and/or name of Adrien Brody, from
26 all distributors, wholesalers, retailers, websites and exhibitors, and any other
27 persons or entities, who received possession of any of said material from any of the
28 Defendant Related Parties;

1          (b)    ORDERED and directed to immediately give notice (along with a copy of this Order) to any and all persons and entities to whom Defendants, and each of them, and/or the Defendant Related Parties, and each of them, have licensed and/or otherwise granted any rights to license, sell or otherwise exploit or distribute the Picture, in any format or medium, that in any way contains, includes or captures the performance, likeness and/or name of Adrien Brody, and give them notice that they are enjoined by Court Order from transferring, licencing, selling, exploiting, distributing, exhibiting, marketing, advertising, promoting, or offering to or attempting to exploit, license, sell, exploit, distribute, exhibit, market, advertise or promote, the Picture, in any format or medium, that in any way contains, includes or captures the performance, likeness and/or name of Adrien Brody;

        (c)    ORDERED and directed to immediately account to Plaintiffs and provide Plaintiffs' counsel, under statement of penalty of perjury as to its completeness and accuracy, with a list setting forth and documenting the contact information (including name, address, telephone number, e-mail address and facsimile number (as known)) of: (i) all distributors, wholesalers, retailers, websites and exhibitors who received possession of the Picture from any of the Defendant Related Parties; and (ii) all distributors, wholesalers, retailers, websites and exhibitors, and any other persons or entities, with whom and/or to whom Defendants, and each of them, and/or the Defendant Related Parties, and each of them, have licensed and/or otherwise granted any rights to license, sell or otherwise exploit or distribute the Picture, in any format or medium, that in any way contains, includes or captures the performance, likeness and/or name of Adrien Brody; the foregoing so Plaintiffs can provide such persons/entities with notice of this Order if Plaintiffs elect to do so.

/ / /

/ / /

/ / /

**EFFECTIVE DATE/TIME**

4. This Preliminary Injunction is effective immediately upon issuance, and Plaintiffs shall file an undertaking within seven business-days from the issuance of this order, in the sum of $_____ Dollars.

**IT IS SO ORDERED.**

Dated: _____, 2010    _____
　　　　　　　　　　　　　　　HON. DALE S. FISCHER
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE