UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 10-7705 DSF (CWx) | Date | 11/22/10 |
|---|---|---|---|
| Title | Three-Seven Entertainment, Inc., et al. v. Giallo Productions, Ltd., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Motion for Preliminary Injunction (Docket No. 9)

## I.  BACKGROUND

Plaintiffs Three-Seven Entertainment, Inc. and Adrien Brody have sued Defendants claiming that Defendants did not pay money owed to Plaintiffs under acting contracts performed by Brody.  The parties executed an "Acting Services Agreement" ("ASA") by which Brody provided acting services to Defendants in exchange for various compensation.  Defendants did not make certain payments under the ASA.  The parties then signed a "Deferral Payment Agreement" ("DPA") in which Plaintiffs agreed to temporarily forego payments that they were currently owed ("Brody Holdback") in exchange for, among other things, the right to withhold the use of Brody's name and image in the film or to promote the film until the Brody Holdback was paid.  Plaintiffs claim that Defendants breached the DPA by not paying the Brody Holdback and now seek to withhold Brody's name and image from the film.  Defendants do not contest that the Brody Holdback was never paid, but claim that the DPA does not grant Plaintiffs the right to withhold Brody's name and image.  Plaintiffs have now filed a motion for a preliminary injunction to prevent Defendants from using Brody's name and image until the Brody Holdback is paid.

## II.  LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

A plaintiff seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008). A "sliding scale" approach is used to determine whether a plaintiff is likely to succeed on the merits and suffer irreparable harm in the absence of preliminary relief. See Alliance for the Wild Rockies v. Cottrell, __ F.3d __, 2010 WL 3665149, at *8 (9th Cir. Sept. 22, 2010). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Id. at *4. "[A] preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." Id. (internal quotations and brackets omitted). "[T]he more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." Id. at *6 (quoting Hoosier Energy Rural Elec. Co-op, Inc. v. John Hancock Life Ins. Co., 582 F.3d 721, 725 (7th Cir. 2009)).

## III.  DISCUSSION

### A.    Plaintiffs Have Demonstrated That They Are Likely to Succeed on the Merits

The DPA is clear:  Plaintiffs are granted the right to withhold Brody's appearance from the film until the Brody Holdback is paid. As explicitly stated in the contract, the prior agreement in the ASA that injunctive relief would not be sought, (Brody Decl., Ex. B ¶ N), was superseded by the DPA. (See Brody Decl., Ex. A ¶ 4 ("This letter agreement . . . represents the entire agreement of the parties with respect to the subject matter set forth herein [and] supersedes all prior written and/or oral agreements with regard to such subject matter . . . .").)  Defendants argue that the withholding right is only relevant to the acts specified in paragraph 2 – e.g., acts related to the "Italian Letter of Credit" – and because paragraph 3 doesn't mention a right to withhold Brody's appearance, Plaintiffs do not have this right.  This is incorrect both on a plain reading of the contract and based on the extrinsic evidence provided.  There is nothing in paragraph 2 or 3 that suggests that the withholding right discussed in paragraph 2 is dependent in any way on the resolution of the Italian Letter of Credit.  Looking to extrinsic evidence, the point of the DPA appears to be to resolve the issue of Defendants' failure to place money owed to Brody in escrow as required by the ASA.  (See Brody Decl. ¶¶ 5-8.)  In response, Brody agreed to delay payment of part of the money owed, in part because he was receiving the right to withhold his appearance if he was not paid.  (Id. ¶¶ 8-10.)  Defendants present no persuasive extrinsic evidence to counter the Plaintiffs' sensible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

interpretation of the contract that is supported both by the text of the contract and extrinsic evidence.[1]

### B. Plaintiffs Have Shown that They Are Likely to Suffer Irreparable Harm if an Injunction is Not Entered

Plaintiffs have adequately demonstrated irreparable harm. One objective of the DPA was to allow Plaintiffs to have leverage to ensure that they are paid the Brody Holdback. Failure to allow Plaintiffs to enforce their right to withhold Brody's appearance in the film destroys that bargained for contract right and there is no apparent way that they can be compensated with money. The point of the withholding right is to force Defendants to pay Plaintiffs first; to respond that Plaintiffs can be made whole with a money judgment that may or may not be satisfied is not adequate.

### C. The Balance of Equities Favors Plaintiffs

While a preliminary injunction would cause hardship to Defendants, the balance of the equities favors Plaintiffs. Defendants will be delayed in exploiting the film made using Brody's image and talents, but the reason for this is that Brody has not been fully compensated for that image and talents. Further, Defendants have been aware of the conflict over Brody's compensation for years and explicitly bargained to allow Plaintiffs to withhold Brody's appearance. Defendants could certainly have resolved this matter prior to attempting to release and promote the film. In contrast, if an injunction did not issue, Plaintiffs would be placed in the position of an unsecured creditor that may or may not be paid, even though they had bargained for power to ensure that they are paid before the film could be released.

### D. The Public Interest Favors an Injunction

The interest of the public in supporting the enforcement of bargained-for contracts supports the entry of a preliminary injunction.

---

[1] The only contrary extrinsic evidence provided by Defendants is Defendant Richard Rionda del Castro's perfunctory statement that "The intent of the Brody Holdback was not to amend Plaintiffs' waiver of their rights to injunctive relief, but instead to provide alternate mechanisms for the payment of the Brody Holdback." (Rionda Decl. ¶ 21.) Defendants never explain why Plaintiffs should care about the "mechanism" for being paid or why the "mechanism" provided by the DPA would not have been available under the ASA. As such, this explanation is implausible and unpersuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

### E. Plaintiffs are Not Estopped from Seeking an Injunction

While the Court found that Plaintiffs did not act in a timely fashion for the purposes of obtaining emergency, ex parte relief, there is no basis for denying a noticed motion for preliminary injunction due to delay.  Plaintiffs apparently attempted to resolve this matter informally and there is no apparent dispute that Plaintiffs made known their intent to block the use of Brody's name and image in the film until the Brody Holdback was paid.  There is no basis to bar an injunction due to estoppel.

### F. A Bond in the Amount of $100,000 is Appropriate

Plaintiffs argue that no bond should issue.  Defendants state that a $2,000,000 bond should issue.  In light of the evidence presented and the strength of Plaintiff's case a $100,000 bond is sufficient.

## IV.  CONCLUSION

The motion for a preliminary injunction is GRANTED.  An injunction will be entered in a separate order.

IT IS SO ORDERED.