**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THREE-SEVEN ENTERTAINMENT, INC., a Nevada corporation; and ADRIEN BRODY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GIALLO PRODUCTIONS, LTD., a United Kingdom limited company; HANNIBAL PICTURES, INC., a California corporation; RICHARD RIONDA DEL CASTRO, an individual; RAFAEL PRIMORAC, an individual; MAYA ENTERTAINMENT GROUP, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV10-7705 DSF (CWx)<br>HON. DALE S. FISCHER<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

The Motion for Preliminary Injunction (the "Motion") of Plaintiffs Three-Seven Entertainment, Inc. and Adrien Brody for issuance of a preliminary injunction against Defendants Giallo Productions, Ltd., Hannibal Pictures, Inc., Richard Rionda Del Castro, Rafael Primorac, and Maya Entertainment Group, Inc. came before the Court on November 22, 2010 on noticed motion and hearing,

the Court having considered the Complaint, the Motion, the declarations and memorandum of points and authorities presented by Plaintiffs in support of the Motion, the Opposition of Defendants, and any other papers, evidence or arguments presented by the parties in connection with Plaintiffs' Motion;

and, it appearing to the satisfaction of the Court that:

(1)   Plaintiffs have made a clear showing that they are likely to succeed on the merits at trial in this action;

(2)   Plaintiffs have shown that they are suffering, and will continue to suffer, immediate and irreparable harm if the requested relief is not granted; and

(3)   the balance of hardships tips in favor of Plaintiffs on the present Motion for preliminary injunction, as issued by the Court;

**IT IS HEREBY ORDERED THAT:**

1.   Defendants Giallo Productions, Ltd., Hannibal Pictures, Inc., Richard Rionda Del Castro, Rafael Primorac, Maya Entertainment Group, Inc., and each of them, and their respective officers, directors, members, stockholders, owners, subsidiaries, partners, agents, servants, employees, distributors, representatives, attorneys, and all those acting in concert or participation with or at the direction or authority of any Defendants ("Defendant Related Parties"), and each of them, are, pending final disposition of this matter before the Court:

(a)   restrained and enjoined and prohibited from and shall <u>not</u> transfer, license, sell, exploit, distribute, or offer or attempt to transfer, license, sell, exploit or distribute, or exhibit, market, advertise, promote, or otherwise make any use of, exploit or make available in any format or medium or outlet ("exploit(ing)" or "distribute(ing)"), the film known as and entitled "*Giallo*" (the "Picture"), which in any way contains or uses or includes or captures the likeness or image of Adrien Brody, all until such time that the Brody Holdback is paid in full and Defendants present satisfactory proof of the same to this Court; and

      (b)   restrained and enjoined and prohibited from exploiting or distributing (as defined above) any out-take images, trailers or clips of the Picture that in an way contain or use or include the likeness or image of Brody, all until such time that the Brody Holdback is paid in full and Defendants present satisfactory proof of the same to this Court; and

      (c)   restrained and enjoined and prohibited from infringing and making any unauthorized use of Brody's name, photograph, image, likeness or persona in connection with any commercial purpose(s), including on the Internet to advertise, sell, license or exploit the Picture.

2.   Defendants, and each of them, are further ordered and directed to immediately account to Plaintiffs and provide to Plaintiffs' counsel (with a statement under penalty of perjury as to its completeness and accuracy) a list setting forth and documenting the contact information (including name, address, telephone number, e-mail address and facsimile number (as known) )of: (i) all distributors, wholesalers, retailers, websites and exhibitors who received possession of the Picture from any of the Defendant Related Parties; and (ii) all distributors, wholesalers, retailers, websites and exhibitors, and any other persons or entities, with whom or to whom Defendants, and each of them, or the Defendant Related Parties, and each of them, have licensed or otherwise granted any rights to license, sell or otherwise exploit or distribute the Picture, in any format or medium, that in any way contains, includes or captures the performance, likeness or name of Adrien Brody.

### EFFECTIVE DATE/TIME

3.   This Preliminary Injunction is effective immediately on issuance, and Plaintiffs shall file an undertaking within seven business-days from the issuance of this order, in the sum of $100,000 Dollars.

1 **IT IS SO ORDERED.**

2

3

4  Dated: 11/22/10

                                           */s/ Dale S. Fischer*

5                               HON. DALE S. FISCHER
                            UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28